**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FARRAH L. DIDUR,

      Plaintiff-Appellant,

v.

THOMAS VIGER,

      Defendant-Appellee.

No. 05-3440
(D.C. No. 05-CV-2188-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

Farrah L. Didur appeals from the district court's decision denying her

Petition for Return of Child to the Petitioner. Ms. Didur filed the petition seeking

the return of her child, J.D., to Canada pursuant to the Hague Convention on the

Civil Aspects of International Remedies Act (the Hague Convention), which was

implemented in the United States through the International Child Abduction

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Remedies Act (ICARA), 42 U.S.C. §§ 11601-11611. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

The district court denied the petition on the basis that the respondent, Thomas Viger, met his burden of establishing by clear and convincing evidence a grave risk of harm to J.D. if the child were returned to Ms. Didur's custody in Canada. Normally, we would review this factual finding for clear error. *See Shealy v. Shealy*, 295 F.3d 1117, 1121 (10th Cir. 2002). We need not resolve this factual determination, however, because a procedural error occurred that requires remand. *Cf. Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) (remanding for further proceedings on factual issue after district court acted sua sponte and without notice in deciding the issue).

## Background

Ms. Didur and Mr. Viger both acknowledge that Mr. Viger is J.D.'s father. The parties were never married and Ms. Didur has had full custody of J.D. since his birth in 1999. In February 2005, J.D. came to Kansas to live with his father for a few months. In March of that same year, Mr. Viger refused to return J.D. to Ms. Didur's custody.

## Proceedings in the District Court

On May 10, 2005, Ms. Didur filed a petition in district court seeking J.D.'s return to her custody in Canada. In Mr. Viger's answer, he asserted as an affirmative defense that returning J.D. to Canada would expose the child to a

-2-

grave risk of harm.  Mr. Viger was permitted to take Ms. Didur's deposition and

obtain some other discovery.  In June, the magistrate judge held several status

conferences.  After the June 30 conference, a hearing was set for July 18.

Regarding the hearing, the minute sheet from the June 30 conference states:

> On the [grave risk] issue, petitioner is willing to proceed on a proffer
> from respondent of the facts respondent believes he can prove
> regarding that issue.  Without petitioner agreeing that respondent can
> prove those facts, the parties may present oral argument and written
> briefs at the hearing regarding the question of whether under the
> proffered facts the child is in "grave risk" if returned to Canada.

Aplt. App. at 25.

At the hearing, Mr. Viger sought to present evidence on the grave risk issue

in the form of an exhibit.  The court asked if there was any objection to the

exhibit and then the following exchange occurred between counsel and the court:

> Mr. Nelson:  Your Honor, my understanding from the court's
> previous order was that Mr. Swall was going to present a statement
> of proffered facts on which he believed that there was a grave risk.  I
> believe that's included in what Mr. Swall has given me and is stated
> as his statement of facts.  Again, I am not admitting anything.  I'm
> willing for the court to consider all of it.
>
> The Court:  Okay.  Well, let's just be clear on the record what's
> being submitted to the court for review so we have got some record.
>
> [Mr. Swall]:  I assembled these in an exhibit folder form for both the
> court's use and for Mr. Nelson's use here today.  If I may go through
> those.
>
> The Court:  Yeah.  I mean, I think Mr. Nelson is correct.  I forgot to
> restate the reference in the minute sheet, since we moved then to the
> question of grave risk, and that was that on the second issue
> petitioner was willing to proceed on a proffer from respondent of the

-3-

facts respondent believes he can prove regarding the issue, and then they will present argument and briefs if necessary. So with that foundation, tell me what these documents are that you're proffering so we have got it in the record what they are.

*Id.* at 157-58.

The court then accepted the proffered exhibit and stated: "Okay. Under the structure we have already described, Respondent's Exhibit C will be admitted for the purpose stated." *Id.* at 159-60. Mr. Viger then proceeded to offer testimony. At one point, Ms. Didur's counsel attempted to object to some of Mr. Viger's testimony, stating: "I guess, your Honor, I'll have to object to this witness testifying about what some other witness may or may not [inaudible]." *Id.* at 170. The court responded:

Well, I understand all that, but it seems to me that what we're proceeding on is the court's order of June 30, which said petitioner is willing to proceed on a proffer from respondent and the facts respondent believes he can prove, so I don't think it goes to the question of admissibility; it goes to the question of, are these part of the proffer? So I think it needs to be allowed under the circumstances we set up. So the objection is overruled on that basis.

*Id.* at 170-71. After Mr. Viger's testimony, the following exchange took place:

The Court: . . . Does petitioner have any proffer she wants to make on the question of grave risk?

Mr. Nelson: No, your honor. We're going to deny the allegations.

The Court: Right. That was clear from the structure we set up. The question then becomes, it would seem to me, since I've not had an opportunity to review this, it doesn't make sense to have oral argument; it would make more sense to have expedited briefing on what– I mean, there are two questions I want briefed: One, what is a

-4-

grave risk under the statute and the treaty; and second whether this proffer constitutes that.

*Id*. at 186-87.

After reviewing the briefs submitted by the parties, the magistrate judge issued its report and recommendation. In the report, the magistrate judge made the following statement: "Even though the parties agreed to proceed on a proffer, the Magistrate Judge determines that the information contained in Respondent's proffers is admissible in this case for the purpose of making a determination on the Petition for Return of Child under the Hague Convention." *Id*. at 55. The magistrate judge then recommended denying the petition concluding that Mr. Viger had established by clear and convincing evidence that returning J.D. to Ms. Didur in Canada would expose him to physical or psychological harm.

Ms. Didur filed objections to the magistrate judge's report and recommendation. She argued that the magistrate judge erred in finding that the facts proffered by Mr. Viger constituted grave risk because "she has not yet had the opportunity to challenge the truthfulness of those allegations . . ." *Id*. at 81. She explained that "Petitioner did not admit the allegations were true and did not waive her right to present full testimony or evidence if it was determined that the bare allegations rose to a level believed to be 'grave risk.'" *Id*. at 89. She therefore asserted that "there is now insufficient information before the Court on

which it can deny Petitioner's request since the case is now only at a preliminary stage." *Id.*

The district court overruled Ms. Didur's objections and adopted the magistrate judge's report and recommendation. In response to Ms. Didur's allegation that she has not had the opportunity to challenge the truthfulness of the accusations, the district court stated "[t]his is incorrect, as the adversarial hearing conducted by the Magistrate Judge presented this very opportunity." *Id.* at 98.

## Discussion

As stated in the June 30 minute sheet, the parties had agreed to proceed on a proffer of evidence of the facts that respondent believed he could prove. *See* Aplt. App. at 25. By agreeing to proceed on a proffer, petitioner was not agreeing that the respondent could actually prove those facts. *Id.* The agreement to proceed by proffer was restated by the magistrate judge at the July 18 hearing. *Id.* at 157-58. Consistent with this process, the magistrate judge refused to allow petitioner's counsel to object to the admissibility of evidence because respondent was proceeding solely on the basis of facts he believed he could prove so the only relevant question was whether the evidence was within the scope of the proffer. *Id.* at 170-71. Petitioner did not offer any evidence on the grave risk issue; she simply denied all of the allegations. The magistrate judge acknowledged that he expected that the petitioner would not offer any evidence, stating: "Right. That was clear from the structure we set up." *Id.* at 186-87.

It is evident from the record that the parties and the magistrate judge believed that the July 18 hearing was a preliminary hearing to determine whether the respondent's proffered evidence, if proven to be true, could establish a grave risk of harm to J.D. if he was returned to Ms. Didur's custody in Canada. The hearing was not set up to test the admissibility or credibility of the evidence, as recognized by the magistrate judge's reaction to petitioner's objection to admissibility. In the post-hearing briefs, the parties continued to act as though this was a preliminary hearing. The respondent recited his facts as "proffered facts," *id.* at 31, characterized the proffered facts as "[e]*xamples* of how the natural mother exposes the child to grave risk of harm," *id.* at 32 (emphasis added), and did not give any record citations for the proffered evidence, *id.* at 32-37.

When it came time for the magistrate judge to issue his report and recommendation, however, he sua sponte decided to disregard the parties' agreement and stated: "Even though the parties agreed to proceed on a proffer, the Magistrate Judge determines that the information contained in Respondent's proffers is admissible in this case for the purpose of making a determination on the Petition for Return of Child under the Hague Convention." *Id.* at 55. Without giving any notice to the Ms. Didur or giving her an opportunity to respond to the evidence or challenge its admissibility, he then made a merits determination, concluding that Mr. Viger had established by clear and convincing evidence that

there is a grave risk of harm to J.D. if he is returned to Ms. Didur's custody in Canada.

The district court mischaracterized the July 18 hearing as an adversarial hearing where Ms. Didur had the opportunity to challenge the truthfulness of Mr. Viger's accusations. The record reflects otherwise. The district court also determined that Ms. Didur had waived her right to challenge the admissibility of Mr. Viger's evidence because she had not specifically objected to the district court's decision to admit the evidence under the relaxed standards of the Hague Convention. We disagree. Ms. Didur was objecting to the entire process employed by the magistrate judge in disregarding the parties' agreement and treating the proffered evidence as fact without giving her the opportunity to challenge it. Necessarily included in this objection is an objection to the magistrate judge's decision that all of the evidence was properly admissible for a merits determination.

The magistrate judge's merits decision, as adopted by the district court, constitutes a procedural error that requires us to reverse the denial of Ms. Didur's petition and remand for further proceedings to allow Ms. Didur to present rebuttal evidence and/or to challenge the admissibility of the proffered evidence presented by Mr. Viger. *Cf. Smith*, 445 F.3d at 1261 (remanding for further proceedings on factual issue after district court acted sua sponte and without notice in deciding the issue).

The judgment of the district court is REVERSED and REMANDED for further proceedings. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge